OTTO J. KARST

*v.*

BLACK DIAMOND RANGE COMPANY, a corporation.

[Submitted September 9th, 1913.  Decided September 11th, 1913.]

1.  "Insolvency" as an act of bankruptcy in the sense employed by the amendment of 1903 of the Bankrupt act, means that condition of financial affairs of the alleged bankrupt "whenever the aggregate of his property * * * shall not at a fair valuation be sufficient in amount to pay his debts."

2.  A decree of insolvency made pursuant to section 65 of the Corporation act and based in part upon the fact that the company's liabilities exceed its assets, will not be amended by declaring that it was founded upon a type of insolvency not recognized by the Bankruptcy act, in order to escape the operation of the act.

3. The decree cannot be amended by striking out the true jurisdictional ground of insolvency and substituting another "that the company has been and is doing business at a loss" when the pleadings and proofs contain no allegations or averments of facts manifesting such a situation, and it was not at the hearing advanced, nor entertained by the court as a ground upon which the adjudication was made.

4. If by inadvertence or mistake the final decree had declared otherwise than that which was adjudged by the court, or if the judgment had in any manner been faultily stated, then this court would correct its decree so that it would comport with the findings.

5. Relief by petition for rehearing, or a bill to review, would not avail the complainant in the face of the concessions made by the proofs that the liabilities in fact exceed the assets.

On motion to amend bill after final decree and to amend the decree.

*Mr. Ernest F. Keer,* for the motion.

BACKES, V. C.

Upon the filing of the bill in this cause, duly verified, in which it was set up that the defendant corporation was indebted in the sum of $40,357.97; that its assets were of a value less than $30,000; that promissory notes amounting to more than $10,000 were overdue or about to mature; that the company had no funds to meet their payment, and that the factory of the company had been shut down, and wherein it was charged that the corporation is insolvent; that it has not the funds to carry on its ordinary business; that it has been carrying on its business at great pecuniary loss; that it cannot be conducted so as to enable the corporation to pay its debts, and that it cannot be carried on with profit to its stockholders, and after due inquiry a decree was made adjudging the defendant company insolvent and a receiver was appointed under the sixty-fifth section of the Corporation act to take charge of its assets. Subsequently, a petition in bankruptcy was filed in the United States district court for the district of New Jersey, to declare the defendant company a bankrupt, alleging as an act of bankruptcy the decree in this suit adjudging the company insolvent and appointing a receiver This is warranted by the provisions of the amendment of 1903

to the Bankruptcy act, which declares when "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, or territory, or of the United States" to be an act of bankruptcy. Insolvency in the sense employed by the amendment has been held by the federal courts to mean only that condition of financial affairs of the alleged bankrupt "whenever the aggregate of his property * * * shall not at a fair valuation be sufficient in amount to pay his debts." *In re Golden Malt Cream Co., 21 Am. Bk. Rep. 36.* In the moving papers it is averred that by inadvertence the liabilities of the defendant were overstated in the bill to the extent of $24,900, and leave is asked to amend the bill in that respect, and to have it adjudged *nunc pro tunc* that the insolvency which led to the appointment of the receiver was of the common law acceptation and as tested by our statute, exclusive of the type defined by the Bankruptcy act, and that the decree be accordingly amended by qualifying the adjudgment of insolvency or altogether striking it out, and substituting as the jurisdictional ground "that the company has been and is carrying on its business at a loss," furnished by section 65 of the Corporation act, as amended in 1912. *P. L. 1912 p. 585.* The effort, admittedly, is to relieve the defendant company of the estoppel which the decree of insolvency will carry in the bankruptcy proceedings, and to enable it there to contest that the insolvency which resulted in the receivership is not of that particular specie upon which the jurisdiction of the bankruptcy court must necessarily rest. There are numerous and insuperable obstacles to the granting of the motion.

The bill counts on insolvency—inability to meet accruing obligations—excess of liabilities over assets—entire prostration of business for want of funds. Upon the case thus made by the pleadings and proofs, of which the excess of debts over assets was an efficient factor, and after full opportunity to be heard, it was adjudged and decreed that the defendant company was insolvent, and the exercise of its franchise was enjoined. This decree is a final adjudication of the cause (*Pierce* v. *Old Dominion, &c., Smelting Co., 67 N. J. Eq. (1 Robb.) 399*), and it is impossible to perceive how, on a mere motion, the pleadings may be amended

so as to induce a modification of the decree, or how the decree itself may be amended in substance. It may be that the allegations of the amount of assets and liabilities of the defendant company were unnecessary, and it may also be true that they were erroneously stated, and that the decree of insolvency could have been made upon the remaining charges, but, nevertheless, they in part formed the foundation upon which the adjudication was made and solemnly recorded in the decree, and they cannot in this unconventional fashion be disturbed.

Nor should the decree be modified in respect to the nature of the insolvency which moved the court to appoint the receiver, because the deficiency of assets was one of a number of grounds which entered into the consideration upon which the decree of insolvency was pronounced. Moreover, an examination of the affidavits submitted on this motion discloses that according to an inventory made by the receiver, the liabilities exceed the assets by some $500.

And with less propriety can the decree be amended by striking out the true jurisdictional ground of insolvency and substituting another "that the company has been and is doing business at a loss," for the reason that the pleadings and proofs contain no allegations or averments of facts manifesting such a situation, and it was not at the hearing advanced, nor was it entertained by the court, as a ground upon which the adjudication was made. If, by inadvertence or mistake, the final decree had declared otherwise than that which was adjudged by the court, or if the judgment had in any manner been faultily stated, then there could be no doubt that this court would correct its decree so that it would comport with the findings.

The case of *Golden Malt Cream Co., supra,* cited to support this motion, is not in point. In that case it appeared that in the bill filed in the state court for the appointment of a receiver, the assets were shown to exceed the liabilities, and the charge was that the company was insolvent because of its inability to meet its current obligations. Upon a decree of insolvency being made and a receiver appointed, it was seized upon as an act of bankruptcy. Before a hearing in the bankruptcy proceedings the state court granted a new trial. A new petition was filed omitting the

averment that the company was insolvent, and asking for the appointment of a receiver on the allegation that the company was in danger of becoming insolvent. An order was made appointing a receiver on the ground named in the new petition. On appeal from an adjudication of bankruptcy, the bankruptcy court held: "The word 'insolvency,' as used in the Bankruptcy act, means insolvency within the meaning of the definition of that act. And though the same word be employed in the finding of a state court to define a set of facts different from the facts intended to be defined by the word in the Bankruptcy act, the state court is not without power, by appropriate amendment, to so change its order that such order will set forth the real facts on which the order was intended to act; for certainly a mere divergence of definition ought not to have the effect of making that an act of bankruptcy which in fact was not intended by the Bankruptcy law to be an act of bankruptcy."

Relief by petition for rehearing or a bill to review would not avail the complainant in the face of the concessions made by the proofs on this motion that the liabilities in fact exceed the assets.

The motion will be denied.